JUSTICE RICE
dissenting.
¶79 I respectfully dissent.
¶80 Under Issue 1, I believe the United States Supreme Court’s holding in Morgan requires this case be reversed and remanded for further proceedings.
¶81 The Court disagrees with the Appellants’ assertion that the sexual assault incident formed the basis of the Hearing Examiner’s decision, *194 believing it is more accurate to state that the incident was itself sufficient to constitute sexual discrimination, but that even more discrimination followed thereafter. See ¶ 38. Even if that assessment was correct, however, it would not alter the mandatory application of the statute of limitations to the assault incident as a “discrete act.” As the Court said in Morgan, “discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.” Morgan, 536 U.S. at 113, 122 S.Ct. at 2072, 153 L.Ed.2d at 122 (emphasis added). Here, the time clock began running for the assault incident in December of 1998 and ran 180 days later, prior to the filing of Benjamin’s complaint.
¶82 Discussing Morgan’s argument (similar to the one Respondent advances here) that he had suffered multiple acts that constituted one “unlawful employment practice” under Title VII, the Court stated that ‘tt]here is simply no indication that the term ‘practice’ converts related discrete acts into a single unlawful practice for the purposes of timely filing.... We have repeatedly interpreted the term ‘practice’ to apply to a discrete act or single ‘occurrence,’ even when it has a connection to other acts.” Morgan, 536 U.S. at 111, 122 S.Ct. at 2071, 153 L.Ed.2d at 120-21. The Court then specifically reversed the holding of the Ninth Circuit Court of Appeals which had concluded that “so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability.” Morgan, 536 U.S. at 114, 122 S.Ct. at 2072, 153 L.Ed.2d at 122. Thus, I believe our Court errs today by similarly concluding that “so long as each act is part of the whole,” quoting Morgan, a claim may include a time-barred discrete incident. See ¶ 43. The Court errs by relying on this Morgan quote because the quote was referring to hostile environment claims wherein all the incidents were non-discrete in nature. See Morgan, 536 U.S. at 118, 122 S.Ct. at 2075, 153 L.Ed.2d at 125.
¶83 It is not disputed that the sexual assault incident was a discrete act, which the Hearing Examiner found “was extremely severe and sufficiently intrusive and unwelcome” on its own to create a hostile work environment. (‘Discrete acts... are easy to identify. Each incident of discrimination ... constitutes a separate actionable ‘unlawful employment practice.’ ” Morgan, 536 U.S. at 114, 122 S.Ct. at 2073, 153 L.Ed.2d at 122.) However, the Hearing Examiner erred by attempting to submerge this discrete incident into the claim as a whole for purposes of the statute of limitations: ‘The acts of discrimination *195 occurring outside of the limitations period-the original acts of sexual harassment by Anderson ...-were sufficiently related to those occurring within the limitations period ....’’In my view, the District Court and this Court make the same error.
¶84 Morgan clarified, however, that evidence of such time-barred discrete incidents are admissible to support an otherwise timely claim:
The existence of past acts and the employee’s prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.
Morgan, 536 U.S. at 113, 122 S.Ct. at 2072, 153 L.Ed.2d at 122 (emphasis added).
¶85 The decision of the HRC was heavily premised on a discrete incident which was time-barred. A claim cannot be made for that incident. I would reverse and remand for further proceedings in which the incident could not be part of the claim, but about which evidence could be introduced in support of remaining claims.